**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| MANUEL CASTRO-CASTRO, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:26-cv-02174-SHL-cgc |
| SCOTT LADWIG, Acting Director of the New Orleans Field Office of ICE, in his official capacity, | ) ) ) | |
| Respondent. | ) | |

**ORDER STAYING TRANSFER, AND DIRECTING PETITIONER TO FILE
SUPPLEMENTAL FACTS AND SERVE RESPONDENT**

On February 20, 2026, Petitioner Manuel Castro-Castro filed the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  (ECF No. 1.)  Castro-Castro challenges his continued detention under 8 U.S.C. § 1225 in the West Tennessee Detention Facility without a bond hearing, a declaration that his "indefinite detention without a bond hearing is unlawful and violates due process," and release "on reasonable bond or parole."  (ECF No. 1 at PageID 7.)

Castro-Castro's only factual basis for the Petition is that he "was apprehended on or about February 10, 2026, without having been admitted or paroled into the United States," and that he was charged under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act.  (ECF No. 1-3 at PageID 12–13.)  His counsel has recently submitted several petitions similarly devoid of background facts that have repeatedly required supplementation.  See, e.g., Cruz-Ruiz v. Harper, No. 26-cv-02092 (W.D. Tenn. filed Feb. 3, 2026).  A habeas petition "must: (1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground[.]"  Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts; see also Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain: . . . a

short and plain statement of the claim showing that the pleader is entitled to relief.")  Note that the Rules Governing Section 2254 Cases—in addition to the Federal Rules of Civil Procedure, to the extent they are not inconsistent with the habeas statute—apply equally to § 2241 habeas petitions such as this.  Malih v. Ladwig, No. 26-CV-2150, 2026 WL 417403, at *1 (W.D. Tenn. Feb. 13, 2026).  Here, to show that he is entitled to relief, Castro-Castro must, at least, include facts about his criminal history, if any, and how long he has been physically present in the United States.  Thus, after reviewing the Petition, it is **ORDERED** as follows:

(1)     Within **five days** of this Order, Castro-Castro shall **SUPPLEMENT** the Petition and provide a factual basis as to why he should not be considered an "arriving alien" under 8 U.S.C. § 1225.

(2)     Within **five days** of this Order, Castro-Castro shall deliver a copy of this Petition and all attachments, his supplemental facts, and this Order to the United States Attorney for the Western District of Tennessee electronically at the following email address: **stuart.canale@usdoj.gov**.  Failure to fully comply with this requirement may justify dismissal of the Petition.  See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to . . . comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

(3)     Within **five days** after Castro-Castro fully complies with the above requirements, Respondent shall respond to the Petition in writing.

(4)     Castro-Castro may file a reply within **two days** after Respondent's responsive filing.

(5)     Respondent shall not transfer Castro-Castro out of the West Tennessee Detention Facility during the pendency of this Petition.

**IT IS SO ORDERED,** this 6th day of March, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE