**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| MANUEL CASTRO-CASTRO, )<br><br>  Petitioner, )<br><br>v. )<br><br>CHRISTOPHER BULLOCK, Acting Director )<br>of the New Orleans Field Office of ICE, in his )<br>official capacity, )<br><br>  Respondent. ) | No. 2:26-cv-02174-SHL-cgc |

**ORDER GRANTING PETITIONER'S MOTION TO WITHDRAW PETITION AND
DENYING RESPONDENT'S MOTION TO DISMISS AS MOOT**

This action demonstrates the consequences of habeas corpus petitions that are devoid of facts establishing a court's jurisdiction. On February 20, 2026, Petitioner Manuel Castro-Castro filed the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his continued detention by then-Respondent Scott Ladwig[1] under 8 U.S.C. § 1225 in the West Tennessee Detention Facility without a bond hearing, a declaration that his "indefinite detention without a bond hearing is unlawful and violates due process," and release "on reasonable bond or parole." (ECF No. 1 at PageID 7.) The only background information that Castro-Castro provided was that he "was apprehended on or about February 10, 2026, without having been admitted or paroled into the United States," and that he was charged under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act. (ECF No. 1-3 at PageID 12–13.) The date listed throughout

---

[1] Respondent explains in the Motion to Dismiss that Christopher Bullock is the proper respondent here because he is the Field Office Director of the New Orleans Field Office of ICE as of the filing of the Petition. (ECF No. 9 at PageID 36.) See Rosciszewski v. Adducci, 983 F. Supp. 2d 910, 913–14 (E.D. Mich. 2013). Therefore, the Clerk is **DIRECTED** to modify the docket information and replace Scott Ladwig with Christopher Bullock.

the Petition, purportedly as the date the matter was being filed, is February 19, 2026.  However,

the Petition was actually filed by Castro-Castro's counsel on February 20.

Based on the representation in the Petition that Castro-Castro was still being detained by

Respondent in the West Tennessee Detention Facility on February 20, the Court exercised

jurisdiction over this matter and stayed his transfer out of this District.  (See ECF No. 6.)  On

March 6, the Court issued an order directing Castro-Castro to supplement his petition, serve

Respondent, and staying his transfer out of this District.  (Id.)  Castro-Castro supplemented his

Petition on March 10, but not once in that supplemental filing does he clarify where he was

arrested by ICE, or state where he was then detained.  (ECF No. 7.)  It is unclear whether his

counsel knew of his whereabouts or not.

Respondent filed the Motion to Dismiss, or in the Alternative, Transfer Petition on March

13, 2026.  (ECF No. 9.)  Respondent first argues that Castro-Castro was transferred from the

West Tennessee Detention Facility to Adams County, Mississippi Correctional Center on

February 19, and, therefore, the Petition filed the next day should not have been filed in this

Court because habeas relief under § 2241 must be sought in the district of confinement at the

time of filing.  (Id. at PageID 37–38.)  Castro-Castro does not challenge this argument in his

response.  In fact, he states,

> Here, by contrast, Mr. Castro's petition was properly filed while he was detained
> within the Western District of Tennessee. **He was transferred to Mississippi only
> on February 19, 2026, one day before filing.** The critical question is not where
> Mr. Castro is now, but where he was when detention authority was first challenged.

(ECF No. 10 at PageID 50 (emphasis added).)

Under Rumsfeld v. Padilla, "jurisdiction lies in only one district: the district of

confinement."  542 U.S. 426, 443 (2004).  Here, the district of confinement on February

20, 2026, the date the petition was filed, was the Southern District of Mississippi, not the

2

Western District of Tennessee.  If Castro-Castro somehow sought to preserve jurisdiction by relying on the date listed in his Petition, which is February 19 (before he was moved to Mississippi), that argument fails because he was moved that day and the Petition was filed the next day.  See Watts v. Bogan, 50 F.3d 11 (Table), 1995 WL 108993, at *1 (6th Cir. Mar. 14, 1995) (noting that a petition for a writ of habeas corpus under § 2241 is only properly filed "in the district court having jurisdiction over [petitioner's] custodian.").

It is unclear why Castro-Castro's counsel filed the Petition in this Court anyway, after his transfer outside this District.  Perhaps even more perplexing is why the Court had to wait for Respondent's filing to learn that Castro-Castro had been transferred before the Petition was filed, given that Castro-Castro was expressly ordered to provide supplemental facts supporting the Petition.  If Castro-Castro desired to seek relief in this Court on February 19, the Petition should have been filed on that day instead of the next day, when he exited the Western District and this Court lost jurisdiction over his claims. Counsel is admonished to not file such actions in the future after the Court has lost jurisdiction, as these circumstances increase the strain on judicial resources and waste the time of all those involved.  Such actions will—in accordance with law—be dismissed without an adjudication on the merits.

Regardless, on April 8, 2026, Castro-Castro filed the Motion to Withdraw Petition and Terminate Case because he agreed to voluntary departure and is now in Guatemala. (ECF No. 11.)  Because there are no longer grounds supporting the Petition, Castro-Castro's Motion is **GRANTED** and his Petition is **DISMISSED**.  Given the dismissal, Respondent's Motion to Dismiss is **DENIED AS MOOT**.

**IT IS SO ORDERED,** this 13th day of April, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE